# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY VICKERS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GREEN TREE SERVICING, LLC, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 15-1252-JTM-GEB |
| GARY VICKERS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ASSURANT, INC., et al., )<br>)<br>Defendants. )<br>_____) | Case No. 15-1290-JTM-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Consolidate the Above-Captioned Cases (Case No. 15-1252-JTM-GEB, **ECF No. 22**; Case No. 15-1290-JTM-GEB, **ECF No. 6**). The Court has considered the motions, as well as the related Responses. No Replies were filed. For the reasons set forth below, Plaintiffs' motions shall be **DENIED** as premature without prejudice to refiling following resolution of pending dispositive motions.

## Background[1]

The factual allegations in both cases stem from the denial of Plaintiffs' insurance claim for hail damage to the roof of a home they owned and operated as a rental property. Gary and April Vickers claim that they continued to pay casualty insurance premiums to their mortgage lender, Beneficial Financial I Inc. ("Beneficial") throughout the pendency of their Chapter 13 bankruptcy proceeding, beginning in 2008. The lender-placed insurance policy was issued by defendant American Security Insurance Company ("ASIC"), a subsidiary of Assurant, Inc. After the rental home was damaged in a 2012 hailstorm, Plaintiffs' insurance claim was denied for either failing to pay the premiums or because Plaintiffs were not entitled to insurance coverage during the bankruptcy. After disputes regarding the currency of loan and premium payments, Beneficial changed the locks on the home in 2013 and the Plaintiffs were unable to access it. In late 2014, Plaintiffs received notice that Green Tree Servicing, Inc. ("Green Tree") was the new "servicer" of the account.

Plaintiffs initially filed a Petition against Beneficial and Green Tree in Sedgwick County, Kansas District Court. Defendant Beneficial, with the consent of Green Tree, removed the case to this Court in Case No. 15-1252-JTM. In their Amended Complaint (ECF No. 17), Plaintiffs assert multiple counts against Beneficial for trespass, Real Estate Settlement Procedures Act ("RESPA") violations, Kansas Consumer Protection Act

---

[1] Unless otherwise indicated, the facts in this section are taken from the Complaints filed in each case (Case No. 15-1252-JTM, ECF No. 17; and Case No. 15-1290-JTM, ECF No. 1) and from the parties' briefs regarding consolidation. This background information should not be construed as judicial findings or factual determinations.

("KCPA") violations, and fraud; and against Green Tree for Fair Debt Collection Practices Act ("FDCPA") and KCPA violations.

Shortly after the removal of those claims, Plaintiffs filed Case No. 15-1290-JTM against defendants Assurant, Inc. and ASIC. Plaintiffs claim the refusal to pay the hail damage claim was without just cause and was done in bad faith. They further allege the home has been substantially damaged and, as a result, Plaintiffs lost significant rental income.

## Analysis

Under Rule 42(a), a court may consolidate "any or all matters at issue in the actions" if the cases "involve a common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[2] The court may order consolidation on a motion by a party or on its own initiative.[3]

In exercising its discretion, the court should take into consideration both judicial efficiency and fairness to the parties.[4] Other factors to consider include "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and

---

[2] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978).
[3] *See Coffeyville Res. Ref. & Mktg., LLC v. Illinois Union Ins. Co.*, Case No. 08-1204-MLB, 979 F. Supp. 2d 1199, 1206 (D. Kan. Oct. 25, 2013); *see Munjak v. Signator Investors, Inc.*, No. 02-2108-CM, 2003 WL 23506989, at *1 (D. Kan. Dec. 10, 2003).
[4] *See Wallace B. Roderick Revocable Living Trust v. OXY USA Inc.*, No. 08-1330-JTM-KMH, 2014 WL 7407907, at *1 (D. Kan. Dec. 30, 2014) *reconsideration denied sub nom. Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM-KMH, 2015 WL 790090 (D. Kan. Feb. 25, 2015) (citing *Harris v. Illinois-California Express, Inc.,* 687 F.2d 1361, 1368 (10th Cir.1982).

what injury would be suffered by failure to consolidate."[5] Ultimately, the Court "weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[6] The party seeking consolidation bears the burden to demonstrate the factors weigh in favor of consolidation.[7]

Evaluation of the first factor reveals the relief sought in the two actions varies. Plaintiffs seek statutory and other damages against Beneficial and Green Tree in 15-1252-JTM for violations against them as mortgage borrowers and consumers, while they pursue damages from Assurant and ASIC in 15-1290-JTM for bad faith failure to pay their insurance claim. But however different the relief sought may be, these cases stem from an identical set of facts, and ultimately Assurant/ASIC's failure to pay the insurance claim is intertwined with Beneficial's handling of plaintiffs' payments. Therefore, the first factor *could* weigh in favor of consolidation. Likewise, all defendants are being sued in their corporate capacities; therefore, the second factor *may* also tip the scale toward consolidation.

However, consideration of the third factor leads the Court to conclude an order of consolidation would be premature. Three of the four combined defendants filed motions

---

[5] *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citing *Shump,* 574 F.3d at 1344; *Lane v. United States,* Nos. 90–4228–S, 90–4229–S, 1991 WL 105204, at *1 (D.Kan. May 28, 1991)).
[6] Id. (citing *C.T. v. Liberal Sch. Dist.,* 562 F.Supp.2d 1324, 1346 (D.Kan.2008); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed.2008)).
[7] *Id*.

4

to dismiss, and none of the motions are fully briefed.[8]  At this stage, it is too soon to ascertain the claims and parties which may remain in each case once those motions are resolved by the District Judge.  Although future consolidation of these cases may conserve resources for the parties and the Court, if the cases were consolidated prior to clarification of the legal claims, confusion and inconvenience could result.  Therefore, when weighing the benefits and risks of consolidation, the Court finds that judicial efficiency would not be served by premature consolidation of the cases.  Rather, the Court finds that deciding the pending dispositive motions prior to any consolidation would be most efficient and would not prejudice Plaintiffs at this early juncture.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions to Consolidate the Above-Captioned Cases (No. 15-1252-JTM-GEB, **ECF No. 22**; No. 15-1290-JTM-GEB, **ECF No. 6**) are **DENIED** without prejudice to refiling in the event the motion(s) to dismiss are denied.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of December 2015.

                                                       s/ Gwynne E. Birzer
                                                    GWYNNE E. BIRZER
                                                    United States Magistrate Judge

---

[8] *See* Def. Green Tree's Motions to Dismiss (ECF Nos. 11, 25, 26) and Def. Beneficial's Motions to Dismiss (ECF Nos. 13, 27) in Case No. 15-1252-JTM.  *See* Def. Assurant's Motion to Dismiss (ECF No. 10) filed in Case No. 15-1290-JTM.